# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

| | |
|---|---|
| **SHANITA ANN SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) Civil Action No. 3:23CV-330-DJH |
| | ) |
| v. | ) Judge _____ |
| | ) |
| **CARESOURCE CORP., et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant CareSource Corp. ("CareSource"),[1] pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully submits this Notice of Removal of this action from the Jefferson Circuit Court, the court in which this case is presently pending, to the United States District Court for the Western District of Kentucky (Louisville). As grounds for this removal, CareSource states as follows:

## LITIGATION FACTS

1. This action was commenced on or about June 1, 2023, by the filing of the Complaint by Plaintiff Shanita Ann Smith in the Jefferson Circuit Court in Jefferson County, Kentucky, Case No. 23-CI-003333 (the "Complaint"). A copy of the Complaint is attached as Exhibit A.

2. CareSource was served with the Complaint on June 5, 2023.

3. As of the date of the filing of Defendant CareSource's Notice of Removal, a review of the Jefferson Circuit Court docket reveals that Defendant Melinda Cox has not been successfully served the Civil Summons and a copy of the Complaint in this action.

---

[1] Plaintiff was actually employed by CareSource Management Services LLC.

4. No further pleadings have been served upon Plaintiff or CareSource.

5. No further proceedings have taken place in the Jefferson Circuit Court.

## CITIZENSHIP OF THE PARTIES

6. Plaintiff is a citizen of the Commonwealth of Kentucky. (Complaint ¶ 1).

7. Plaintiff alleges CareSource is a non-profit, foreign corporation conducting business in Kentucky. (Complaint ¶ 2). CareSource is a corporation registered under the laws of the state of Ohio, with its principal place of business located at 230 North Main Street, Dayton, Ohio 45402. (*Id.*). Accordingly, CareSource is a citizen of Ohio. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."); *see also The Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'").

8. Because Plaintiff is a citizen of Kentucky, and CareSource is a citizen of Ohio, complete diversity exists under 28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY

9. The amount in controversy is to be determined based on the plaintiff's complaint at the time the notice of removal is filed. *See Ahearn v. Charter Twp. Of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). When a plaintiff fails to specifically plead an amount in controversy, a defendant seeking removal must meet a preponderance of the evidence standard and show that it is more likely than not that the amount in controversy exceeds $75,000.00. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993); *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th

Cir. 2006). *See also Holiday Drive-In, LLC v. Liberty Mut. Ins. Co.*, 2016 U.S. Dist. LEXIS 27590, * 10 (W.D. Ky. Mar. 4, 2016) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

10. Although Plaintiff's Complaint does not specify the amount in controversy, it is reasonable to conclude based on the remedies sought in the Complaint that Plaintiff's requested monetary damages are in excess of the jurisdictional amount necessary to establish diversity jurisdiction.

11. The Complaint purports to allege claims for retaliation and racial discrimination pursuant to the Kentucky Civil Rights Act ("KCRA"), Chapter 344 *et seq*. (Complaint ¶¶ 12-56). Although CareSource disputes the validity of Plaintiff's claims and entitlement to all the remedies demanded, Plaintiff's Complaint seeks substantial damages, including alleged back and front pay and benefits. (*See* Compl. ¶¶ 37, 55, "Wherefore" paragraph.). At termination, Plaintiff earned $20.3322 per hour, or an annualized salary in the amount of $42,290.98. (*See* Declaration of Pamela Roberson, attached as Exhibit B, at ¶2). Plaintiff also seeks to recover her attorney's fees and costs. (*See* Compl. at "Wherefore" paragraph.).

12. But Plaintiff's claimed damages are not limited to compensatory damages. Plaintiff also seeks damages for humiliation, embarrassment, and emotional distress. (*See id.* at ¶¶ 56, "Wherefore" paragraph.). These damages are recoverable as "actual damages" under the KCRA and further increase the amount in controversy above the jurisdictional threshold. *See, e.g., Shupe v. Asplundh Tree Expert Co.*, 566 Fed. Appx. 476, 479 (6th Cir. 2014). There is no statutory limit on damages for emotional distress under the KCRA. *Id.*

13. Additionally, the attorney's fees Plaintiff seeks are included in the amount in controversy because KRS § 344.450 expressly allows Plaintiff to recover them if she is successful.

*See, e.g.*, *Kendrick v. Std. Fire Ins. Co.*, 2007 U.S. Dist. LEXIS 28461, * 12 (E.D. Ky. Mar. 31, 2007) ("The Sixth Circuit recently reiterated that statutory attorneys fees are included in considering the amount in controversy") (citing *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 376 (6th Cir. 2007)).

14. Given the scope and variety of the damages available in employment cases like this one, Kentucky district courts have recognized it is a "near-certainty" that the amount in controversy in such cases exceeds the jurisdictional threshold. *See Proctor v. Swifty Oil Co., Inc.*, 2012 U.S. Dist. Lexis 141323 at *8 (W.D. Ky. October 1, 2012); *see also Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 776 (W.D. Ky. 2002) ("Defendant can easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement" where "Plaintiff alleges termination due to . . . discrimination, lost wages, benefits, humiliation, and embarrassment"); *Martin v. UPS Supply Chain Solutions*, 2015 U.S. Dist. LEXIS 19007, * 7 (W.D. Ky. Feb. 13, 2015) ("[T]he addition of [plaintiff's] claims for emotional distress, mental anguish, humiliation, and embarrassment, plus future lost wages and attorney's fees, convince the Court of the likelihood that at least $75,000 is at stake in this case."); *Harris v. Burger King Corp.*, 2012 U.S. Dist. LEXIS 45263, ** 2-3 (W.D. Ky. Mar. 29, 2012) (finding amount in controversy exceeded $75,000, despite negligible back pay damages, given plaintiff's request for *inter alia* lost wages, emotional damages, and attorney's fees).

15. Considering all of Plaintiff's alleged damages, if she were to succeed at trial, she would recover in excess of $75,000.

## REMOVAL

16. Removal is authorized by 28 U.S.C. §§ 1332, 1441, and 1446. Specifically, there is complete diversity among all parties of interest who are properly joined in this action, and based

on Plaintiff's Complaint and extant law, it is appropriate to conclude that the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs.

17. All Defendants who have been properly joined and served consent to the removal per 28 U.S.C. § 1446(b)(2)(A).

18. The United States District Court for the Western District of Kentucky, Louisville Division, is the district court for the judicial district and division embracing Jefferson County, Kentucky, where the state court action is pending. 28 U.S.C. § 97(b).

19. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) as it is being filed within thirty (30) days of receipt of the Summons and Complaint in this matter.

20. As required by 28 U.S.C. § 1446(d), Defendant shall promptly file a copy of this Notice of Removal with the Jefferson County, Kentucky Circuit Court, and serve copies of this Notice of Removal on Plaintiff's counsel.

21. A Notice of Filing Notice of Removal is also being filed with the Jefferson Circuit Court in accordance with 28 U.S.C. § 1446. A copy of the Notice of Filing is attached as Exhibit C.

**WHEREFORE**, Defendant CareSource respectfully requests that the above-entitled action now pending in the Jefferson County, Kentucky Circuit Court, be removed pursuant to 28 U.S.C. §§ 1332 and 1441 to this Court, that this Court accept jurisdiction over this action, and henceforth that this action be placed upon the docket of this Court for further proceedings, as if this case had been originally instituted in this court.

Respectfully submitted,

*/s/ Ryan M Martin*
Ryan M. Martin (KY Bar #92619)
Adair M. Smith (KY Bar #98356)
JACKSON LEWIS P.C.

> 201 E. Fifth Street, 26th Floor
> Cincinnati, OH 45202
> Telephone: (513) 898-0050
> Facsimile: (513) 898-0051
> Email: ryan.martin@jacksonlewis.com
> Email: adair.smith@jacksonlewis.com
>
> *Counsel for Defendant, CareSource*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 26th day of June, 2023, a true and accurate copy of the foregoing was served, via the Court's electronic filing system, upon the following:

David S. Borum (KY Bar #99498)
517 West Ormsby Avenue
Louisville, Kentucky 40203
Cell: (270) 617.1957
Fax: (502) 470.3194
Email: dsborum@gmail.com

*Attorney for Plaintiff*

> /s/ Ryan M. Martin
> Ryan M. Martin (KY Bar #92619)

4885-1434-2764, v. 1